**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMBERLI D. MacCOLLISTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CIV-19-382-JFH-KEW |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Kimberli D. MacCollister (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 47 years old at the time of the ALJ's decision. She has a high school education and worked in the past as an activity assistant, receptionist, and job development specialist. Claimant alleges an inability to work beginning on April 3, 2017, due to limitations resulting from diabetes mellitus, gastroparesis, obesity, depressive disorder, anxiety disorder, and binge eating disorder.

### Procedural History

On June 15, 2017, Claimant protectively filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's

application was denied initially and upon reconsideration. On December 3, 2018, ALJ James Linehan conducted a hearing in Oklahoma City, Oklahoma, at which Claimant testified. On March 11, 2019, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on September 30, 2019, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work, with additional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by (1) failing to properly evaluate the persuasiveness of her treating psychiatrist's opinions, and (2) failing to properly evaluate her symptoms, specifically by failing to consider her excellent work history.

### Consideration of Opinion Evidence

In his decision, the ALJ found Claimant suffered from diabetes mellitus, gastroparesis, obesity, depressive disorder, anxiety disorder, and binge eating disorder. (Tr. 17). He determined

Claimant could perform a full range of sedentary work, except she was limited to work at an SVP level 2 or less as defined in the *Dictionary of Occupational Titles*. Claimant could understand, remember, and carry out ordinary and/or routine written or oral instructions and tasks. She had the ability to interact occasionally with supervisors, co-workers, and the public. (Tr. 20).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of document specialist, surveillance system monitor, and addresser, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 29). As a result, the ALJ concluded Claimant was not under a disability from April 3, 2017, her alleged onset date, through the date of the decision. (Tr. 29).

Claimant contends the ALJ's finding that the opinion of her psychiatrist Robert Morton, M.D., was not persuasive is unexplained and not supported by the record. Claimant began her treatment with Dr. Morton in August of 2017. She complained of depression and anxiety and was prescribed medication. (Tr. 1188). According to Claimant's testimony, Dr. Morton provided her with medication refills only, as she did not receive current mental health therapy or counseling. (Tr. 21). Treatment records show Claimant saw Dr. Morton on a handful of other occasions through November of 2018, during which time he often described Claimant as

5

having intact memory and associations and as oriented and well-groomed. (Tr. 1181-87). In September of 2017, Dr. Morton indicated Claimant had been continuously disabled since July of 2016. (Tr. 1101). He reiterated this finding in March of 2018. (Tr. 1102). On October 5, 2018, Dr. Morton completed a questionnaire wherein he noted Claimant had a "substantial loss of ability to function" or "no useful ability to function" in nearly all of the mental abilities listed. (Tr. 1172-73). He also determined Claimant had "seriously limited or marked" mental function in several areas and "extreme" functioning in a few others. (Tr. 1174-75). He noted Claimant would have to take unscheduled days off because of symptoms associated with her impairments and would likely be absent from work more than four days per month. (Tr. 1169, 1176). He stated Claimant's impairment was expected to last at least twelve months, but the ALJ viewed her prognosis as "fair with treatment." (Tr. 1171, 1176).

Because Claimant filed her claims after March 27, 2017, the medical opinion evidence in the case is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under the new regulations, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, he must "articulate" in his decision "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical

findings in [the] case record" by considering a list of factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors include: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important factors are supportability and consistency, and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how the other factors were considered. *Id.* However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Claimant argues the ALJ's analysis of the medical opinions was flawed because Dr. Morton's opinions are at least as supported

and consistent with the medical evidence as the opinions of the state agency reviewers. He contends that the ALJ should have determined the opinions were at least equal and considered the "other factors" pursuant to 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The ALJ specifically discussed Dr. Morton's medical opinions in the decision. He determined Dr. Morton's medical opinions were "not persuasive" because "Dr. Morton opined that the [C]laimant's prognosis was fair with treatment, but that she would miss three or more days of work per month, and that she had marked or greater limitations in almost all areas of mental functioning." (Tr. 26). The ALJ indicated Dr. Morton used a check-box form with no explanation or additional support for his selected limitations, and his conclusion that Claimant's prognosis was fair was inconsistent with the extreme functional limitations recorded on the form. The ALJ found that Dr. Morton's opinion that Claimant had been fully disabled since June of 2016 was not supported by Claimant's work history, which showed Claimant was employed into 2017. He concluded his discussion of Dr. Morton's opinions by finding the opinions were "not fully consistent with the medical record, showing no inpatient treatment or outpatient counseling for psychological conditions. (Tr. 27, 1169-76). His findings included citations to the record.

In addition to discussing the supportability factor, the ALJ discussed the consistency factor, involving the consistency of the medical opinion "with the evidence from other medical sources and nonmedical sources." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). He explained in the decision why he found the opinions of the state agency medical experts "partially persuasive" and why he determined Dr. Audra Cook's opinions were "not persuasive." The ALJ did so by citing to the medical record.

The ALJ did not determine that two or more of the medical opinions or prior administrative findings about the same issue are both equally well-supported. Additionally, this Court has reviewed the ALJ's supportability and consistency determinations on the medical opinions at issue and finds no error in the ALJ's analysis. Thus, there was no requirement that the ALJ consider the "other factors" in his decision.

### Evaluation of Subjective Symptoms

Claimant also contends the ALJ erred in his evaluation of her subjective symptoms by failing to discuss her strong work history prior to her alleged onset of disability.

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of

9

findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

Work history is one of several factors that may bear upon the evaluation of Claimant's symptoms. *See Romo v. Commissioner, Social Security Admin.*, 748 Fed. Appx. 182, 187 (10th Cir. 2018); *Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995). The ALJ did discuss Claimant's work history in the decision. His discussion was in terms of Claimant's continuing to work into 2017, although Dr. Morton had determined she was fully disabled since June of 2016. This was an appropriate basis upon which to consider Claimant's work history. *See Cowan v. Astrue*, 552 F.3d 1182, 1191 (10th Cir. 2008) ("The ALJ found that Mr. Cowan previously worked with these impairments, which suggests these conditions would not currently prevent work.").

The ALJ also relied upon several other factors, unchallenged by Claimant, for finding the intensity, persistence, and limiting effects of Claimant's alleged symptoms were not entirely consistent with the medical evidence or other evidence in the record. Specifically, the ALJ relied on factors, including (i) her treatment through medication, with symptoms being controlled by medication, (ii) the stability of her diabetes in light of her other conditions, (iii) her independent performance of most activities, including daily activities and some mentally demanding tasks, (iv) medical evidence showing she ambulates without assistance, has no back pain, and has a normal gait; (v) failure to follow certain treatments, and (vi) the ALJ's observations of Claimant at the hearing. (Tr. 27-28).

The ALJ's evaluation of Claimant's alleged symptoms reveals that he set forth the specific evidence upon which he relied in assessing her statements. There is no error in the ALJ's assessment of Claimant's symptoms.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and

Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 9th day of March, 2021.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE